UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CAUSE NO. 3:05-CV-147 RM |
| v. | ) ) | |
| CTS CORPORATION, | ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

On June 14, 2005, Plaintiff filed a forty-three page document that contained a motion to compel and a motion for an enlargement of time to file an amended pleading.  Under N.D. L.R. 7.1(b) "each motion shall be separate" and "motions made pursuant to Fed. R. Civ. P. 37...shall be accompanied by a separate supporting brief."  In addition, N.D. L.R. 37.1 states that "the certification required under subsection (a) and (b) of this rule shall be made in a separate document filed contemporaneously with the motion."

Plaintiff's motion fails to comply with this Court's local rules.  Plaintiff has combined a motion to compel with a motion for an enlargement of time.  In addition, Plaintiff has not provided a separate supporting brief, nor a separate document containing the required certification.  Rather, Plaintiff's certification is found on page thirty-nine of its forty-three page

submission.[1]  Consequently, Plaintiff's motion [Doc. No. 25] is **DENIED WITHOUT PREJUDICE**.  Plaintiff may refile its motions in accordance with this Court's local rules.

    **SO ORDERED.**

Dated this 15th Day of June, 2005.

                                           s/Christopher A. Nuechterlein
                                           Christopher A. Nuechterlein
                                           United States Magistrate Judge

---

[1] By requiring parties to meet and confer in good faith, N.D. L.R. 37.1 allows court intervention in discovery disputes only when parties cannot resolve the dispute after legitimately attempting to do so.  Plaintiff's certification states that it contacted Defendant one time in an attempt to work out the discovery dispute.  However, this one meeting occurred on May 24, 2004, more than a year before this motion to compel was filed.  This one meeting, which occurred more than a year ago, does not comply with the good faith meet and confer provision of N.D. L.R. 37.1.